Exhibit - 1

Certified a True Copy: _CAS_

Attorney for _Plaintiffs_

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**18CV34341**

| | |
|---|---|
| RAMON DE JESUS PINEDA, an individual, MIRIAN DIAZ PINEDA, an individual, TIM NAY, in his capacity as Conservator for FRANKLIN PINEDA, a protected person, ANGELA PINEDA DE FIGUEROA, as Guardian Ad Litem for ANDY PINEDA, a minor, | Case No.: |
| | COMPLAINT |
| | Jury Trial Requested |
| | AMOUNT CLAIMED: $108,842,000 |
| Plaintiffs, | (Filing Fee: $1,111 pursuant to ORS 21.160) |
| vs. | Claim Not Subject to Mandatory Arbitration |
| GEREN RATLIFF, an individual, PRIDE TRANSPORT, INC., a Utah corporation, HOWARD PELS, an individual, PROGRESSIVE LOGISTICS, INC. dba GILTNER, INC., an Idaho corporation, | |
| Defendants. | |

For their complaint, Plaintiffs Ramon De Jesus Pineda ("*Ramon*"), Mirian Diaz Pineda ("*Mirian*"), Franklin Pineda ("*Franklin*"), and Andy Pineda ("*Andy*") (collectively, "*Plaintiffs*") allege as follows:

## FACTS COMMON TO ALL ALLEGATIONS

1.

Plaintiffs are residents of Oregon.

2.

Defendant Geren Ratliff ("*Ratliff*") is a resident of Nevada.

///

1 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

3.

Defendant Pride Transport, Inc. ("*Pride Transport*") is a Utah corporation.

4.

Defendant Howard Pels ("*Pels*") is a resident of California.

5.

Defendant Progressive Logistics, Inc. dba Giltner, Inc. ("*Giltner*") is a Utah corporation.

6.

This court has jurisdiction under ORCP 4 C because the injuries asserted in the complaint herein occurred in Oregon. Venue is proper under ORS 14.080 because no defendant resides within this state and, therefore, the action may be commenced in any county.

7.

On or about January 7, 2017, Ratliff was driving a semi-truck and trailer owned by Pride Transport, heading southbound on Highway 97 in Sherman County, Oregon around 40 miles south of Biggs Junction.  At all material times, snow was falling heavily in the area, causing near white out conditions.

8.

Around the same time, Pels was driving a semi-truck and trailer owned by Giltner, heading northbound on Highway 97 in roughly the same area.

9.

Around the same time, Ramon was driving a Toyota 4Runner that was headed northbound and behind the vehicle driven by Pels.  Mirian, Franklin, and Andy were all passengers in the Toyota 4Runner.

///

///

2 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26ᵗʰ Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

10.

At approximately 2:00 pm, the vehicles driven by Ratliff and Pels collided with each other while each was going in opposite directions.  The vehicle driven by Ratliff continued from the impact into the northbound lane of Highway 97 and hit the Toyota 4Runner head on, causing injuries to the occupants of the 4Runner (the "*Collision*").

## DAMAGES SUFFERED BY PLAINTIFFS

11.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of their complaint.

12.

As a direct and proximate result of the Collision, Ramon was injured and suffered bodily trauma and injury.  His injuries included but were not limited to: broken bones in both legs; multiple rib fractures; facture of ulna; kidney disorder; spinal process facture; and contusions. Surgical intervention was required and is ongoing.  Because of these injuries, Ramon has incurred past medical expenses to treat his injuries in the amount of approximately $148,000. Ramon's injuries will require continuing and future care for the remainder of his life. Such care is estimated to cost approximately $4,875,000 over his lifetime.  Ramon seeks compensation for his losses in these amounts.

13.

As a direct and proximate result of the Collision, Ramon was required to, and did, miss time from his usual employment and lost his income as a result.  Furthermore, Ramon's injuries prohibit him from returning to work in any capacity.  His past lost wages and future earning capacity are estimated to be $377,500.  Ramon seeks compensation for his losses in these amounts.

3 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

14.

As a direct and proximate result of the Collision, Ramon suffered great pain, inconvenience, disruption of life activities, loss of quality of life and severe disability due to his injuries. He will continue to suffer in the future. His present and future non-economic damages are $32,000,000. Ramon seeks compensation for his loss in this amount.

15.

As a direct and proximate result of the Collision, Mirian was injured and suffered bodily trauma and injury. Her injuries included but were not limited to: broken collarbone; broken bones in her hand and leg; multiple rib fractures; and contusions. Surgical intervention was required. Because of these injuries, Mirian has incurred past medical expenses to treat her injuries in the amount of approximately $137,000. Mirian seeks compensation for her losses in these amounts.

16.

As a direct and proximate result of the Collision, Mirian was required to, and did, miss time from her usual employment and lost her income as a result. Mirian's past lost wages are $7,000.

17.

As a direct and proximate result of the Collision, Mirian suffered great pain, inconvenience, disruption of life activities, loss of quality of life and severe disability due to her injuries. She will continue to suffer in the future. Her present and future non-economic damages are $850,000. Mirian seeks compensation for her loss in this amount.

18.

As a direct and proximate result of the Collision and the injuries and conditions it caused to Ramon, plaintiff Ramon is no longer able to perform the necessary duties of a spouse

4 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

1  including working and services performed in the care, maintenance, and management of the

2  family home, and will be unable to perform such work, services, and duties in the future. As a

3  result, Mirian has been and will be permanently deprived of the consortium of Ramon.

4                                             19.

5       Mirian has and will continue to suffer loss of consortium, including but not limited to the

6  loss of services, marital relations, society, comfort, companionship, love, and affection of

7  Ramon, all to her non-economic damage in an amount of $3,000,000.

8                                             20.

9       As a direct and proximate result of the Collision, Franklin was injured and suffered

10  bodily trauma and injury. His injuries included but were not limited to: fractured humerus;

11  multiple rib fractures; lacerated spleen and kidney; vertebral fracture; acute respiratory failure;

12  and contusions. Surgical intervention was required and is ongoing. Because of these injuries,

13  Franklin has incurred past medical expenses to treat his injuries in the amount of approximately

14  $285,000. Franklin's injuries will require continuing and future care for the remainder of his

15  life. Such medical care is estimated to cost approximately $9,750,000 over his lifetime. Franklin

16  seeks compensation for his losses in these amounts.

17                                           21.

18       As a direct and proximate result of the Collision, Franklin suffered great pain,

19  inconvenience, disruption of life activities, loss of quality of life and severe disability due to his

20  injuries. He will continue to suffer in the future. His present and future non-economic damages

21  are $60,000,000. Franklin seeks compensation for his loss in this amount.

22                                           22.

23       As a direct and proximate result of the Collision, Andy was injured and suffered bodily

24  trauma and injury. His injuries included but were not limited to: bruising, contusions, and

25

5 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

1    abrasions. Because of these injuries, Andy has incurred past medical expenses to treat his injuries

2    in the amount of approximately $30,000. Andy seeks compensation for his losses in these

3    amounts.

4                                       23.

5        As a direct and proximate result of the Collision, Andy suffered pain, inconvenience,

6    disruption of life activities, loss of quality of life and severe disability due to his injuries. He will

7    continue to suffer in the future. His present and future non-economic damages are $180,000.

8    Andy seeks compensation for his loss in this amount.

9                           **FIRST CLAIM FOR RELIEF**

10                 **(Negligence and Negligence per se – by Pels)**

11                                    24.

12        Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of their

13    complaint.

14                                      25.

15        On or about January 7, 2017, Pels acted negligently by unreasonably creating a

16    foreseeable risk to a protected interest of the kind of harm that befell Plaintiffs.

17                                      26.

18        In committing the acts and omissions set forth above, Pels violated sections of the "Rules

19    of the Road for Drivers" under the Oregon Vehicle Code, ORS 811.005, *et seq*. in one or more of

20    the following particulars:

21          (a)      By failing to exercise due care;

22          (b)      By failing to maintain reasonable control of the vehicle under the circumstances;

23          (c)      By failing to drive at a safe speed under all the circumstances;

24          (d)      By failing to observe a traffic control device;

25

6 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

1     (e)    By failing to drive in his designated lane; and

2     (f)    By careless driving.

3                                    27.

4     The traffic laws violated by Pels were promulgated for the purpose of protecting people

5  in the position Plaintiffs occupied at the time of the collision from the type of harm Plaintiffs

6  suffered.

7                                    28.

8     By reason of Pels' violation of traffic laws, Pels is liable to Plaintiffs for their damages

9  under the doctrines of negligence and negligence *per se*.

10                                   29.

11    As a direct and proximate result of Pels' negligence, Plaintiffs were injured in the manner

12  and amounts described above.

13                      **SECOND CLAIM FOR RELIEF**

14            (*Alternative*: Negligence and Negligence per se – by Ratliff)

15                                   30.

16    Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 of their

17  complaint.

18                                   31.

19    On or about January 7, 2017, Ratliff acted negligently by unreasonably creating a

20  foreseeable risk to a protected interest of the kind of harm that befell Plaintiffs.

21                                   32.

22    In committing the acts and omissions set forth above, Ratliff violated sections of the

23  "Rules of the Road for Drivers" under the Oregon Vehicle Code, ORS 811.005, *et seq.* in one or

24  more of the following particulars:

25

7 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26ᵗʰ Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

1    (a)    By failing to exercise due care;

2    (b)    By failing to maintain reasonable control of the vehicle under the circumstances;

3    (c)    By failing to drive at a safe speed under all the circumstances;

4    (d)    By failing to observe a traffic control device;

5    (e)    By failing to drive in his designated lane; and

6    (f)    By careless driving.

7                                            33.

8        The traffic laws violated by Ratliff were promulgated for the purpose of protecting

9    people in the position Plaintiffs occupied at the time of the collision from the type of harm

10   Plaintiffs suffered.

11                                           34.

12       By reason of Ratliff's violation of traffic laws, Ratliff is liable to Plaintiffs for their

13   damages under the doctrines of negligence and negligence *per se*.

14                                           35.

15       As a direct and proximate result of Pels' negligence, Plaintiffs were injured in the manner

16   and amounts described above.

17                              **THIRD CLAIM FOR RELIEF**

18          (*Alternative*: **Negligence and Negligence per se – by both Pels and Ratliff**)

19                                           36.

20       Plaintiffs reallege and incorporate by reference paragraphs 1 through 35 of their

21   complaint.

22                                           37.

23       On or about January 7, 2017, both Pels and Ratliff acted negligently by unreasonably

24   creating a foreseeable risk to a protected interest of the kind of harm that befell Plaintiffs.

25

8 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

38.

In committing the acts and omissions set forth above, both Pels and Ratliff violated sections of the "Rules of the Road for Drivers" under the Oregon Vehicle Code, ORS 811.005, *et seq.* in one or more of the following particulars:

    (g)    By failing to exercise due care;

    (h)    By failing to maintain reasonable control of the vehicle under the circumstances;

    (i)    By failing to drive at a safe speed under all the circumstances;

    (j)    By failing to observe a traffic control device;

    (k)    By failing to drive in their designated lanes; and

    (l)    By careless driving.

39.

The traffic laws violated by both Pels and Ratliff were promulgated for the purpose of protecting people in the position Plaintiffs occupied at the time of the collision from the type of harm Plaintiffs suffered.

40.

By reason of Pels and Ratliff's violation of traffic laws, Pels and Ratliff are liable to Plaintiffs for their damages under the doctrines of negligence and negligence *per se.*

41.

As a direct and proximate result of Pels' and Ratliff's negligence, Plaintiffs were injured in the manner and amounts described above.

///

///

///

///

9 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26ᵗʰ Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

## FOURTH CLAIM FOR RELIEF

### (Negligence and the Doctrine of Respondeat Superior – by Giltner)

42.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 41 of their complaint.

43.

At all material times, Pels was an agent or employee of Giltner and under its control.

44.

During the alleged events, Pels was performing duties within the course and scope of his employment with Giltner and was acting with the full consent, permission, and authority of Giltner.

45.

Under the Doctrine of Respondeat Superior, Giltner is vicariously liable for the negligence of its agent or employee, Pels. Accordingly, Giltner is liable for any damages incurred as a result of the negligence of Pels.

46.

As a direct and proximate result of Pels' negligence, Plaintiffs were injured in the manner and amounts described above.

## FIFTH CLAIM FOR RELIEF

### (*Alternative*: Negligence and the Doctrine of Respondeat Superior – by Pride Transport)

47.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 46 of their complaint.

///

10 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

48.

At all material times, Ratliff was an agent or employee of Pride Transport and under its control.

49.

During the alleged events, Ratliff was performing duties within the course and scope of his employment with Pride Transport and was acting with the full consent, permission, and authority of Pride Transport.

50.

Under the Doctrine of Respondeat Superior, Pride Transport is vicariously liable for the negligence of its agent or employee, Ratliff.  Accordingly, Pride Transport is liable for any damages incurred as a result of the negligence of Ratliff.

51.

As a direct and proximate result of Ratliff's negligence, Plaintiffs were injured in the manner and amounts described above.

52.

Plaintiffs reserve the right to amend the complaint to state additional claims against defendants as may be discovered during the pendency of this litigation.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment as follows:

1.  On their First Claim for Relief (Negligence and Negligence Per Se – By Pels), for an award damages against Pels in an amount proven at trial, but no less than $108,842,000;

///

///

11 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

2.  On their Second Claim for Relief (Negligence and Negligence Per Se – By Ratliff), pled in the alternative, for an award damages against Ratliff in an amount proven at trial, but no less than $108,842,000;

3.  On their Third Claim for Relief (Negligence and Negligence Per Se – By Both Pels and Ratliff), pled in the alternative, for an award damages against both Pels and Ratliff in an amount proven at trial, but no less than $108,842,000;

4.  On their Fourth Claim for Relief (Negligence and the Doctrine of Respondeat Superior – By Pride Transport), for an award damages against Pride Transport in an amount proven at trial, but no less than $108,842,000;

5.  On their Fifth Claim for Relief (Negligence and the Doctrine of Respondeat Superior – By Giltner), pled in the alternative, for an award damages against Giltner in an amount proven at trial, but no less than $108,842,000;

6.  For their costs and disbursements incurred herein;

7.  For pre and post-judgment interest on all damages awarded; and

8.  For such other and further relief as the Court deems appropriate.


DATED this 6th day of August 2018.

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS

M. Casey Gibbens, OSB #073834
Attorney for Plaintiffs
165 SE 26th Avenue
Hillsboro, Oregon 97123
Phone: 503-648-4777
Fax: 503-648-0989
Email: cgibbens@harrislawsite.com

12 – COMPLAINT

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

# Exhibit - 2

Salt Lake County Sheriff's Office
Rosie Rivera, Sheriff
Court Services Division
385-468-9758

Served by Deputy _SCHIRLE_

On _8-21_, 20 _18_ at _1040_ hours

Served at _5494 W. 2455 S._

Manner of Service _RECEPTIONIST - ANDREA BYRUM_

Signed _SCHIRLE 90 C 1100_

### IN THE CIRCUIT COURT OF THE STATE OF OREGON

### FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **RAMON DE JESUS PINEDA, an individual, MIRIAN DIAZ PINEDA, an individual, TIM NAY, in his capacity as Conservator for FRANKLIN PINEDA, a protected person, ANGELA PINEDA DE FIGUEROA, as Guardian Ad Litem for ANDY PINEDA, a minor,**<br>Plaintiffs,<br><br>vs.<br><br>**GEREN RATLIFF, an individual, PRIDE TRANSPORT, INC., a Utah corporation, HOWARD PELS, an individual, PROGRESSIVE LOGISTICS, INC. dba GILTNER, INC., an Idaho corporation,**<br>Defendants. | ) Case No.: 18CV34341<br>)<br>) **SUMMONS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO:  PRIDE TRANSPORT, INC., Defendant.

### NOTICE TO DEFENDANT:  READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically.  To "appear," you must file with the Court a legal paper called an "answer" or "motion."  Response forms may be available through the Multnomah County Circuit Court. This response must be filed with the Court Clerk or Administrator within 30 days, along with the required filing fee.  It must be in proper form and you must show that the Plaintiff's attorney was served with a copy of the "answer" or "motion."  The location to file your answer is at the Multnomah County Circuit Court, 1021 SW 4th Avenue, Portland, Oregon 97204.

If you have any questions, you should see an attorney immediately.  If you need help finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

///

1 – SUMMONS

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26th Avenue
Hillsboro, Oregon 97123
Telephone (503) 648-4777
Fax (503) 648-0989

1    If special accommodation under the Americans with Disabilities Act is needed, please contact the

2    Court at the address listed above, telephone 503-988-3957.

3    DATED this _14_ day of August 2018.        HARRIS LAW FIRM, P.C.

4

5                                                Cameron Soran, OSB #115249
                                                 Of Attorneys for Plaintiffs
6                                                165 SE 26ᵗʰ Avenue
                                                 Hillsboro, Oregon 97123
7                                                (503) 648-4777  Fax: (503) 648-0989
                                                 Email: csoran@harrislawsite.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2 – SUMMONS

HARRIS ♦ VELÁZQUEZ ♦ GIBBENS
Attorneys at Law
165 SE 26ᵗʰ Avenue
Hillsboro, Oregon  97123
Telephone (503) 648-4777
Fax (503) 648-0989

Exhibit - 3

# Case Information

18CV34341 | Ramon De Jesus Pineda. Mirian Diaz Pineda, Franklin Pineda, Pineda Andy vs Geren Ratliff, Pride Transport Inc, Howard Pels, Progressive Logistics Inc

| Case Number | Court | |
|---|---|---|
| **18CV34341** | **MUL Civil** | |
| File Date | Case Type | Case Status |
| **08/07/2018** | **Tort - General** | **Open** |

.

# Party

Plaintiff
**De Jesus Pineda, Ramon**

Active Attorneys▼
**Lead Attorney
GIBBENS, M CASEY
Retained**

Plaintiff
**Pineda, Mirian Diaz**

Active Attorneys▼
**Lead Attorney
GIBBENS, M CASEY
Retained**

Plaintiff
**Pineda, Franklin**

  **Aliases**
  *OBO* **Nay, Tim**

Active Attorneys▼
**Lead Attorney
GIBBENS, M CASEY
Retained**

Plaintiff
**Andy, Pineda**

Active Attorneys▼
**Lead Attorney**

Defendant
**Ratliff, Geren**


Defendant
**Pride Transport Inc**


Defendant
**Pels, Howard**


Defendant
**Progressive Logistics Inc**

 **Aliases**
 *DBA* Giltner Inc


## Events and Hearings


08/07/2018 Complaint ▾

Comment
**Negligence; Not Subject to Mandatory Arbitration**

08/07/2018 Petition - Appoint Guardian Ad Litem

08/07/2018 Consent ▾

Comment
**to the Appointment of Guardian Ad Litem**

08/07/2018 Order - Appointing Guardian Ad Litem ▾

Judicial Officer
**Dahlin, Eric L**

08/07/2018 Service ▼

Requested By
**De Jesus Pineda, Ramon, Pineda, Mirian Diaz, Pineda, Franklin, Andy, Pineda**

## Financial

De Jesus Pineda, Ramon

| | | | | | |
|---|---|---|---|---|---|
| **Total Financial Assessment** | | | | | $1,111.00 |
| **Total Payments and Credits** | | | | | $1,111.00 |
| | | | | | |
| 8/7/2018 | Transaction Assessment | | | | $1,111.00 |
| 8/7/2018 | Counter Payment | Receipt # 2018-727948 | GIBBENS; M; CASEY | ($1,111.00) |