IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RAMON DE JESUS PINEDA, MIRIAN DIAZ PINEDA, TIM NAY, in his capacity as Conservator for FRANKLIN PINEDA, ANGELA PINEDA DE FIGUEROA, as Guardian Ad Litem for ANDY PINEDA, | Case No. 3:18-cv-01630-SB **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| GEREN RATLIFF, PRIDE TRANSPORT, INC., HOWARD PELS, PROGRESSIVE LOGISTICS, INC., doing business as GILTNER, INC., | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiffs Ramon De Jesus Pineda ("Ramon"), Mirian Diaz Pineda ("Mirian"), Tim Nay (in his capacity as Conservator for Franklin Pineda ("Franklin")), and Angela Pineda De Figueroa (as Guardian Ad Litem for Andy Pineda ("Andy")) (collectively, "Plaintiffs") bring this personal injury action against Defendants Geren Ratliff ("Ratliff"), Pride Transport, Inc. ("Pride"), Howard Pels ("Pels"), and Progressive Logistics, Inc., doing business as Giltner, Inc. ("Giltner"). (ECF No. 1.)

PAGE 1 – OPINION AND ORDER

Pending before the Court is Ratliff and Pride's (together, "Defendants") motion to transfer venue to the Pendleton Division under 28 U.S.C. § 1406(a). (ECF No. 28.) Alternatively, Defendants move to transfer venue under 28 U.S.C. § 1404(a). (ECF No. 28.) The Court has jurisdiction over this case under 28 U.S.C. § 1332, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge under FED. R. CIV. P. 73(b). For the following reasons, the Court denies Defendants' motion to transfer venue.

**BACKGROUND**

Plaintiffs allege that on January 7, 2017, Ratliff was driving southbound on Highway 97 in Sherman County, Oregon in a semi-truck owned by Pride during whiteout conditions. (Compl. ¶ 7.) At around the same time and in the same area, Pels was driving northbound on Highway 97 in a semi-truck owned by Giltner. (Compl. ¶ 8.) Ramon and his three passengers—Mirian, Franklin, and Andy—were traveling just behind Pels in a Toyota 4Runner. (Compl. ¶ 9.)

At approximately 2 p.m., Ratliff's and Pels' semi-trucks collided with each other. (Compl. ¶ 10.) Due to the impact from the collision, Ratliff's semi-truck swerved into the northbound lane and hit the Toyota 4Runner. (Compl. ¶ 10.)

Ramon and his three passengers sustained serious injuries. Ramon had "broken bones in both legs," "multiple rib fractures," and a "kidney disorder." (Compl. ¶ 12.) Mirian suffered a "broken collarbone," "broken bones in her hand and leg," and "multiple rib fractures." (Compl. ¶ 15.) Franklin's injuries included a "fractured humerus," a "lacerated spleen and kidney," "vertebral fracture," and "acute respiratory failure." (Compl. ¶ 20.) Andy suffered "bruising, contusions, and abrasions." (Compl. ¶ 22.)

On August 6, 2018, Plaintiffs filed a complaint in the Multnomah County Circuit Court, alleging five claims for negligence against the defendants. (ECF No. 1.) On September 6, 2018,

Defendants timely removed this case under 28 U.S.C. § 1332. (ECF No. 1.) This motion followed. (ECF No. 28.)

## ANALYSIS

I. STANDARD OF REVIEW

   A. Transfer of Venue Under 28 U.S.C. § 1406(a)

If a district court determines that a case has been filed in a district or division where venue is improper, it may either dismiss or transfer the case to a proper venue. 28 U.S.C. § 1406(a). Venue is generally proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). By contrast, 28 U.S.C. § 1441(a) "expressly provides that the proper venue of a removed action is the district court of the United States for the district and division embracing the place where such action is pending." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (quotation marks omitted).

   B. Transfer of Venue Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), a district court may transfer a civil case to any district or division in which the parties could have originally brought the case after considering "the convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. § 1404(a). At the first step of the analysis, a district court must find that "the requested venue is one in which the case might have originally been brought[.]" *Summit Foods, Inc. v. Viking Packaging Techs., Inc.*, No. 3:18-cv-1470-SI, 2018 WL 4690364, at *4 (D. Or. Sept. 28, 2018). At the second step, courts must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Tex.*, 571 U.S. 49, 62-63 (2013) (quoting 28 U.S.C. § 1404(a)).

District courts consider the following factors to determine whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Courts must also weigh the "interests of justice" factors such as the "administrative difficulties flowing from court congestion," "the local interest in having localized controversies decided at home," and the "unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted). A district court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness," *Jones*, 211 F.3d at 498, and "may consider undisputed facts outside of the pleadings." *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1113 (E.D. Cal. 2014) (citations omitted).

## II. DISCUSSION

### A. Venue Under 28 U.S.C. § 1406(a)

Defendants ask the Court to transfer this case under 28 U.S.C. § 1406(a) to the Pendleton Division because the Portland Division is not a proper venue under 28 U.S.C. § 1391(b). The Court disagrees.

As an initial matter, Defendants waived any improper venue defense by expressly acknowledging in their answer that venue is proper in the Portland Division. (*See* ECF No. 8 at 2 ("Defendants admit that pursuant to [Local Rule] 3-2(a)(1) and 28 U.S.C. § 1441(a), venue is

PAGE 4 – OPINION AND ORDER

proper in the Portland Division of the District Court of the United States for the District of Oregon because the underlying state court action was pending in Portland, Multnomah County, Oregon.")); FED. R. CIV. P. 12(h)(1) (noting that "a party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to include it in a responsive pleading").

In any event, the Court finds that venue is proper in the Portland Division. The Supreme Court has made clear that 28 U.S.C. § 1441(a) governs whether venue is proper in a removal action, not 28 U.S.C. § 1391(b). *See Polizzi*, 345 U.S. at 665-66 (holding that 28 U.S.C. § 1441(a) governs cases that were "brought in a state court and removed to the District Court"). Under 28 U.S.C. § 1441(a), venue is proper in "the district and division embracing the place where" the state court action was pending. 28 U.S.C. § 1441(a).

Defendants removed this case from Multnomah County Circuit Court. (ECF No. 1.) Venue is therefore proper in the Portland Division of the District of Oregon because it embraces the Multnomah County Circuit Court. *See Polizzi*, 345 U.S. at 666 ("The Southern District of Florida is the district embracing Dade County, the place where this action was pending."). Accordingly, the Court denies Defendants' motion to transfer venue under 28 U.S.C. § 1406(a).

**B.     Venue Under 28 U.S.C. § 1404(a)**

Defendants also ask the Court to transfer this case to the Pendleton Division under 28 U.S.C. § 1404(a) because it is a more convenient venue than the Portland Division. The Court disagrees.[1]

///

---

[1] The Pendleton Division satisfies the first step of the analysis because Plaintiffs could have initially filed this case in the Pendleton Division given that the motor vehicle accident giving rise to Plaintiffs' claims occurred in Sherman County. *See* 28 U.S.C. § 1391(b) (providing that venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Although no single factor of the venue analysis is dispositive, "the plaintiff's choice of forum and the convenience of the parties and witnesses are primary considerations." *Williams v. Invenergy, LLC*, No. 2:13-cv-01391-AC, 2016 WL 10677909, at *1 (D. Or. July 27, 2016) (citation omitted). Here, the Court gives great deference to Plaintiffs' choice of forum because Plaintiffs reside in Madras, Jefferson County, Oregon, which is located in the Portland Division. (Cameron Soran Decl. ¶ 2, Dec. 12, 2018 (hereinafter "Soran Decl."); *see also Williams*, 2016 WL 10677909, at *2 (noting that "the plaintiff's choice of forum is entitled to greater deference when a plaintiff chooses its home forum"). Furthermore, Defendants' argument that the jury *may* need to visit the accident scene during trial does not outweigh the plaintiff's choice of forum because the jury may view the accident scene via video, photographs, or other demonstrative exhibits. *See Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995) (noting that the defendant must "make a strong showing of inconvenience to upset the plaintiff's choice of forum").

The record also demonstrates that the Portland Division is the more convenient forum for most of the parties' witnesses. *See Williams*, 2016 WL 10677909, at *2 ("The relative convenience of the witnesses is often recognized as the most important factor to be considered in ruling on a § 1404(a) motion.") (citations omitted). Ten of Plaintiffs' thirteen anticipated witnesses live closer to Portland than Pendleton. (Soral Decl. ¶ 8, Ex. 1.) By contrast, Defendants have identified only one witness who lives closer to Pendleton than Portland. (Jonathan A. Burky Decl. ¶ 3, Dec. 3, 2018.)

Turning to the interest of justice factors, the Court finds that they do not favor transfer here. To be sure, the most substantial event giving rise to this case—the motor vehicle accident—occurred in the Pendleton Division. Nonetheless, the Portland Division also has a

local interest in this case because Plaintiffs' reside here, and their treatment and recovery took place mostly in the Portland Division. (Soral Decl. ¶¶ 3-7.) In addition, litigating this case in the Portland Division "has no impact on the applicable law, the Court's ability to compel appearances by witnesses, or . . . determine this case." *Williams*, 2016 WL 10677909, at *3.

Having considered the relevant factors, the Court finds that Defendants have not met their burden of demonstrating that the Pendleton Division is a more appropriate venue than the Portland Division. *See Summit*, 2018 WL 4690364, at *4 ("As the moving party, Defendant bears the burden of establishing that the transferee forum is more appropriate.") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

## CONCLUSION

Based on the reasons stated, the Court DENIES Defendants' motion to transfer venue. (ECF No. 28.)

**IT IS SO ORDERED.**

DATED this 15th day of February, 2019.

*Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge