IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RAMON DE JESUS PINEDA, an individual, MIRIAN DIAZ PINEDA, an individual, TIM NAY, in his capacity as Conservator for FRANKLIN PINEDA, a protected person, ANGELA PINEDA DE FIGUEROA, as Guardian Ad Litem for ANDY PINEDA, a minor,<br><br>                Plaintiffs,<br><br>     v.<br><br>GEREN RATLIFF, an individual, PRIDE TRANSPORT, INC., a Utah corporation, HOWARD PELS, an individual, PROGRESSIVE LOGISTICS, INC. dba GILTNER, INC., an Idaho corporation,<br><br>                Defendants. | Case No. 3:18-cv-01630-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

      Pending before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 42). For the reasons stated herein, the Court grants the motion.

///

///

## BACKGROUND

### A. Plaintiffs' Allegations

On January 7, 2017, vehicles driven by defendants Geren Ratliff ("Ratliff") and Howard Pels ("Pels") collided on Highway 97 in Sherman County, Oregon. (Am. Compl. ¶ 11.) Ratliff drove a semi-truck and trailer owned by defendant Pride Transport, Inc. ("Pride"), and Pels drove a semi-truck and trailer owned by defendant Giltner, Inc. ("Giltner"). (Am. Compl. ¶¶ 9-10.) Ratliff's vehicle also collided with a Toyota 4Runner driven by plaintiff Ramon De Jesus Pineda. (Am. Compl. ¶ 11.) Plaintiffs Ramon De Jesus Pineda, Mirian Diaz Pineda, Franklin Pineda, and Andy Pineda were passengers in the Toyota and suffered injuries. (Am. Compl. ¶ 11.)

### B. Relevant Procedural History

During June 2019 depositions, two expert witnesses (Bob Laumann and Veryl Paul Herbert) testified that Ratliff may have violated hours of service regulations in the months leading up to and on the day of the accident, and altered his logbooks to hide the violations. (Reply at 2-3.)

The parties participated in mediation on July 19, 2019, which was unsuccessful. (Reply at 8.) Plaintiffs received an updated damages calculation from their experts on August 1, 2019, in advance of an August 5, 2019, expert report deadline. (Id.) Later that day, Plaintiffs sent a proposed amended complaint to Defendants, incorporating the new damages figures and adding a punitive damages claim against Ratliff and Pride. (Id.)

On August 2, 2019, Ratliff and Pride communicated their opposition to Plaintiffs' proposed amended complaint. (Id.) On August 7, 2019, Giltner and Pels indicated they had no objection. (Reply at 8-9.) On August 12, 2019, Plaintiffs filed the pending Motion for Leave to File First Amended Complaint. (ECF No. 42.)

# DISCUSSION

## I.  PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### A.  Legal Standard

"[A] party may amend its pleadings . . . [with] the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts consider the following factors when determining whether to grant leave to amend: (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies, (4) undue prejudice, and (5) futility of the amendment. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The party opposing amendment bears the burden of showing prejudice." *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 967 (D. Or. 2018).

Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* Whether to grant leave to amend lies within the sound discretion of the trial court. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In exercising this discretion, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.*

### B.  Analysis

Plaintiffs seek leave to file an amended complaint, to decrease the damages calculation from $108.8 million (*see* ECF No. 1-1) to $49.2 million, and add a $20 million punitive damages

claim against Ratliff and Pride. Ratliff and Pride oppose Plaintiffs' motion for leave on three grounds: undue delay, prejudice, and futility. (Resp. at 5-17.)

        **1.**        **Undue Delay**

Ratliff and Pride claim that Plaintiffs unduly delayed seeking leave to amend, noting that they learned of facts to support the amendments on June 17, 2019, but did not file their motion until August 12, 2019. (Resp. at 5-7.) Plaintiffs respond that they did not file the motion earlier because they wanted to proceed to mediation in good faith on July 19, 2019, and because they were awaiting an updated damages calculation from their expert in early August. (Reply at 8.) Once Plaintiffs received the new damages figures on August 1, 2019, they circulated their proposed amended complaint to Defendants, and awaited a response, the last of which they received on August 7, 2019. (Reply at 8-9.) Plaintiffs filed their motion on August 12, 2019.

To evaluate undue delay, the Court must determine when the moving party became aware of the "facts and theories raised by the amendment[.]" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming denial of leave to amend fifteen months after the moving party had "all the information necessary" to amend). Ratliff and Pride do not appear to dispute that Plaintiffs became aware of the alleged hours of service violations for the first time in June 2019. Plaintiffs' proffered reasons for waiting two months to amend—to participate in mediation and await an updated damages calculation—are credible and reasonable. Accordingly, the Court finds that the two-month delta under these circumstances is not undue delay. *Cf. Morongo Band of Mission Indians*, 893 F.2d at 1079 (affirming denial of leave to amend where the plaintiff delayed filing for two years).

Ratliff and Pride also argue that the amendments will cause undue delay because Plaintiffs sought leave to amend at the close of discovery and on the eve of trial. At the parties'

PAGE 4 – OPINION AND ORDER

request, the Court has now rescheduled the trial from November 2019 to June 2020, and Plaintiffs' updated damages figures and punitive damages claim will not delay trial.

### 2. Prejudice

Ratliff and Pride allege prejudice if the Court grants Plaintiffs' motion, because (a) the punitive damages claim will require additional discovery; (b) Ratliff and Pride will need to retain an expert on the standards of care at issue; and (c) Ratliff and Pride will not have the opportunity to file a dispositive motion addressing the punitive damages claim. (Resp. at 7-11.)

In light of the rescheduling of the trial to June 2020, the landscape has changed since Ratliff and Pride filed their response to Plaintiffs' motion. At that time, trial was just two months away; now, trial is over six months away. In light of the new trial date, and to address any potential prejudice to Ratliff and Pride, the Court will: (i) reopen the expert disclosure and expert discovery deadlines to allow Ratliff and Pride to designate an expert on the issues raised in Plaintiffs' punitive damages claim only; (ii) reopen the dispositive motion deadline to allow Ratliff and Pride to file a motion for summary judgment on Plaintiffs' punitive damages claim (if there is a good faith basis to do so); and (iii) reopen fact discovery to allow limited discovery into Pride's financial status. With these modifications of the case management schedule, Ratliff and Pride should suffer no prejudice from the timing of Plaintiffs' amendments.

### 3. Futility

Defendants also assert that the proposed amendments are futile because Plaintiffs cannot establish the applicable standard of care on the punitive damages claim without an expert, which Plaintiffs have not disclosed, and because the punitive damages claim is based primarily on post-accident conduct. (Resp. at 11-17.) Plaintiffs respond that their already-disclosed experts will testify to the applicable standard of care, and their punitive damages claim is based primarily on the pre-accident hours of service violations.

PAGE 5 – OPINION AND ORDER

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1078 (9th Cir. 2004) (citation omitted). The test for futility is identical to the standard used for a motion to dismiss for failure to state a claim. *Fulton v. Advantage Sales & Mktg.*, LLC, No. 3:11-cv-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012) (noting that the futility standard is guided by "the 'plausibility standard'" under Rule 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court finds that Plaintiffs have demonstrated that their existing expert(s) will provide evidence of the applicable standard of care. Furthermore, Plaintiffs' claim for punitive damages is based primarily on their allegations that Ratliff violated hours of service regulations, and altered his logbooks to hide the violations, in the months leading up to and on the day of the accident, and that Pride knew or should have known of Ratliff's violations. (Am. Compl. ¶¶ 56-63.) These allegations are sufficient to state a claim for punitive damages. *See Canton v. Hauge*, 72 Or. App. 548, 553 (1985) ("We conclude that the totality of the evidence presented a jury question whether [the defendant] was wantonly indifferent to the safety of other drivers and pedestrians as well as to the safety of plaintiff's decedent."); *see also Moutal v. Exel, Inc.*, No. 3:17-cv-01444-SB, 2018 WL 1885508, at *2 (D. Or. Feb. 2, 2018) (denying the defendant's motion to dismiss punitive damages claim based on the defendant's pre-accident and post-accident conduct), *findings and recommendation adopted by* 2018 WL 1876267 (D. Or. Apr. 19,

2018); *Ibanez v. Bettazza*, No. 3:11–cv–01518–SI, 2013 WL 1295219, at *4 (D. Or. Mar. 28, 2013) (denying summary judgment on punitive damages claim based on evidence that the defendant drove a semi-truck with double trailers "at more than twice the maximum safe speed" with knowledge that the brakes on second trailer were malfunctioning). Accordingly, the Court grants Plaintiffs' motion for leave to file an amended complaint.

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 42). Plaintiffs shall file their Amended Complaint by November 27, 2019, and the parties shall confer and file by December 2, 2019 a joint case management proposal for the limited additional discovery and motion practice discussed herein.

**IT IS SO ORDERED.**

DATED this 22nd day of November, 2019.

_____
STACIE F. BECKERMAN
United States Magistrate Judge